No. 914

DILLWORTH v. CLEVELAND RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6260.　Decided March 10, 1926

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

225.　CHARGE OF COURT—Where special charge is necessary such charge must be requested.

BY THE COURT.

Anna Dillworth brought this action in the Cuyahoga Common Pleas to recover damages resulting from an injury sustained by her when an automobile in which she was riding as passenger collided with a street car operated by the Cleveland Railway Co.

Her petition alleged that the injury was due solely to the negligence of the motorman. The answer was a general denial.

The court in its charge to jury charged as follows:

"* * * If you find that the plaintiff has proven by a preponderance of the evidence the negligence of the defendant Company, and that the negligence of the defendant Company was the proximate cause of injury to her, and has proven her resultant damages, then in that event your verdict will be for the plaintiff."

Judgment being rendered for the Company, Dillworth prosecuted error, stating that the court erred in its charge in as much as the charge as stated permitted no recovery in case injury was caused by both the negligence of the company and of the driver of automobile.　Court of Appeals held:

1.　If Dillworth desired the court to charge in regard to liability in the event of the negligence of both driver and company, such charge should have been requested.

2.　The charge as stated, correctly shows the liability of the Company in case it was negligent.

Judgment affirmed.

Attorneys—Friebolin and Byers for Dillworth; Squire, Sanders & Dempsey for Company; all of Cleveland.

No. 915

HAUSE v. COBLENTZ, et

Ohio Appeals, 6th Dist., Williams Co.

Decided April 6, 1926

27.　ACTIONS—Either the executor or the creditor of a deceased person can bring an action to set aside a conveyance on the ground of fraud.

42.　ADVANCEMENTS—When a note is given by a daughter to her father to secure money given to purchase lots, the evidence must show a clear intention that the promisee meant the money to be given as an advancement to restrain him from claiming as a creditor.

RICHARDS, J.

This action was brought by William Hause in the Williams Common Pleas against Demaris Coblentz et, claiming to be a creditor of Blanche A. Hoverstock, deceased, for the purpose of setting aside a conveyance of real estate made by her, on the ground that it was a fraud upon her creditors.　Hause was the father of said decedent.

The contentions of Coblentz are that the executor should bring such an action; that the money loaned by Hause was in the nature of an advancement; and that the conveyance was not fraudulent.

The Common Pleas Court held for Hause and an appeal was taken to the Court of Appeals, which held:

1.　10777 GC. provides for the bringing of such an action by the executor, but such authority is not exclusive as the right of the creditor to bring such an action existed prior to the passing of the statute, his cause of action arising immediately upon conveyance and is not abrogated by the alleged grantor's death.

2.　Clear intention must be proven to show an advancement and from the evidence, the father took the note that he might reserve the right to collect later, and for this reason Hause was a creditor.

3.　The conveyance in question was to her daughter and the recital of consideration was one dollar, no other consideration being shown; and as the grantor had no other property, the conveyance was constructively fraudulent and the creditor is entitled to have it set aside.

Judgment affirmed.

Attorneys—D. A. Webster and Chas. E. Scott, Bryan, for Hause; H. H. DeMuth, Bryan and W. H. Shinn, Montpelier, for Coblentz.